## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**JERRY ISAACKS,** **PLAINTIFF**

**VS.** **CIVIL ACTION No. 2:05CV69-EMB**

**CITY OF CLEVELAND, ET AL.,** **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Jerry Isaacks brings this action against Defendants City of Cleveland and unknown Officers of the Cleveland Police Department pursuant to 42 U.S.C. § 1983. The parties herein have consented to trial and entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Now before the Court are defendants' motion for summary judgment [doc. 20], itemization of facts [doc.21] and supporting brief [doc. 22]; plaintiff's response [doc. 27], itemization of facts [doc. 28] and supporting brief [doc. 29]; and defendants' reply [doc. 32]. Having fully considered the foregoing and the applicable law, for the reasons set out below, the Court is of the opinion that summary judgment should be granted in favor of defendants.

**Facts**

The facts of this case revolve around the arrest of a shoplifting suspect which occurred on plaintiff's property. On May 24, 2004, officers of the Cleveland Police Department pursued a felony shoplifting suspect onto plaintiff's property. Plaintiff was charged with approaching the scene of the arrest with a chain in his hand and shouting profanities to officers during their apprehension and arrest of the suspect. There are conflicting stories as to exactly what happened during plaintiff's encounter with police, however.

According to plaintiff, he was exiting his place of business and was headed to a local parts store to replace a chain he needed for a lawn mower when he heard the sound of sirens "blasting." Plaintiff alleges when he saw police officers, he asked them to turn the sirens down. He claims he made no effort to approach the officers or interfere with the business they were conducting. Plaintiff alleges when he continued to ask officers to turn the sirens down, one of the officers, Robin Peters, became "irate" and threatened to take him to jail if he didn't move away from the scene. Plaintiff claims he responded by saying he had committed no crime. According to plaintiff, at this time the officer "jumped across the top of his automobile, grabbed plaintiff. . ., and began to physically rough up the [p]laintiff." Plaintiff claims that several other officers "joined in" and began striking him with "fists and hands." Plaintiff claims during the incident, he was being handcuffed with cuffs that were too tight and that caused him extreme pain. Plaintiff alleges because of this and the fact that an officer continued to bend his arms behind his back, he "found it difficult to stand still." Plaintiff claims an Officer Nelson finally realized the cuffs were too tight and hooked two pairs of cuffs together to give plaintiff more room for his wrists and hands. Plaintiff goes on to allege that while he was being led away in handcuffs by Officer Peters, Peters forced him to the ground, causing him to strike a concrete surface. Plaintiff's Response at pp. 1-3.

The testimony of six police officers at plaintiff's criminal trial is in direct conflict with plaintiff's allegations. According to the officers, during their apprehension of the shoplifting suspect, plaintiff approached the scene with a chain in his hand and shouts of profanity. The officers claim that despite their repeated orders to plaintiff not to interfere, he persisted. The officers claim that at this point, they placed plaintiff under arrest. Because plaintiff became combative, the officers applied force in order to get the chain away from plaintiff and handcuff

2

him. The officers claim that after plaintiff was cuffed, he continued "active resistance" as the officers lead him away. According to them, plaintiff slipped and fell. Defendants' Brief at pp. 3-4.

Following plaintiff's arrest, he was taken to the Cleveland Police Department. From there, he was taken to a hospital where he was treated for his injures. Plaintiff was then returned to the Police Department where he was processed and bonded out. Plaintiff was charged with obstruction of justice and disorderly conduct (resisting arrest). He was convicted after a two day trial before the City of Cleveland Municipal Court. Plaintiff's convictions for disorderly conduct and resisting arrest were affirmed following a trial *de novo in the* County Court of the Second Judicial District of Bolivar County, Mississippi on January 31, 2005.

Plaintiff has sued the City of Cleveland and the unknown officers in their official and individual capacities. Complaint at pp. 1-2. Plaintiff seeks money damages pursuant to § 1983 for his alleged injuries arising from the incident of May 24, 2004.

**Summary Judgment Standard**

Summary Judgment is appropriate under Rule 56 when " . . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695 (1990). To that end, the court must "view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Wyatt v. Hunt Plywood*, 297 F.3d 405, 409 (5th Cir.2002). Where the record taken as whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita*

*Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281 (5th Cir.1990).

Furthermore, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case. *Celotex*, 106 S.Ct. at 2553; *see Lujan*, 110 S.Ct. at 3187. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 106 S.Ct. at 2553-54.

A dispute over a material fact is genuine, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Kee v. City of Rowlett Texas*, 247 F.3d 206, 210 (5th Cir.2001). This burden is not satisfied with "some metaphysical doubt as to the material facts," *Matsushita*, 106 S.Ct. at 1356, by "conclusory allegations," *Lujan*, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir.1994).

## Analysis

As an initial matter, the Court will address plaintiff's objection to the attachment of Exhibit "F" to defendants' motion for summary judgment. Plaintiff argues his prior offenses listed in this Exhibit are not relevant to the motion for summary judgment. Because the Court did not consider this information in making the determination herein, plaintiff has suffered no harm; and the instant objection is overruled.

*Plaintiff's § 1983 Claims*

Defendants make several arguments that they are entitled to summary judgment on plaintiff's § 1983 claims. However, the Court need only address one. Defendants contend

plaintiff's claims against them are barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364 (1994). The Court agrees.

The Supreme Court has held that a defendant must first have his conviction overturned before he may properly bring a § 1983 claim for damages arising from that conviction. *Heck*, 512 U.S. 477. In *Heck*, the court held that a civil tort action, including an action under 42 U.S.C. § 1983, is "not [an] appropriate vehicle[ ] for challenging the validity of outstanding criminal judgments." 512 U.S. at 486. *Heck* dictates that when a person convicted of aggravated assault against a police officer brings a § 1983 claim against the arresting officers, the district court must first "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ." *Hainze v. Richards*, 207 F.3d 795, 798 (5 th Cir.2000), quoting *Heck*, 512 U.S. at 487. If so, the claim is barred unless the conviction has been reversed or declared invalid.

In this case, plaintiff's convictions have not been reversed or declared invalid. His §1983 claims may be entertained, therefore, only if a holding in his favor will not necessarily call into question the validity of his convictions. Applying this test, the Court concludes that plaintiff's claims that allege excessive force are not cognizable under § 1983. *See Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir.1996)(finding that neither the plaintiff's false arrest claim nor his excessive force claim were cognizable under § 1983). His convictions for resisting arrest and disorderly conduct necessarily include as an element that the arrest was lawful. Thus, plaintiff's claims that the officers used excessive force in making the arrest are barred. Likewise, plaintiff's claim against the City of Cleveland that his injuries are the result of a "vague, ambiguous and

5

conflicting" use of force policy, Plaintiff's Response at pp. 6-8, is barred.[1]  A finding in favor of

plaintiff on such a claim would necessarily imply the invalidity of plaintiff's convictions since

his convictions for disorderly conduct and resisting arrest included as an element that the arrests

were lawful.  *See Styron v. City of Foley*, No. Civ.A. 03-0572-CG-L, 2005 WL 3098926 (S.D.

Ala. Nov. 18, 2005).  Accordingly, plaintiff's suggestion of some requirement that there be an

admission to the crime or that the crime be felonious in nature is unavailing, Plaintiff's Response

at p. 9 ; and his claims against all defendants should be dismissed with prejudice to their being

asserted again until the *Heck* conditions are met.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th

Cir.1996).

**Conclusion**

For the foregoing reasons, there are no issues for trial; and defendants are entitled to

judgment as a matter of law on all of plaintiff's claims.  A judgment consistent with this opinion

shall be entered.

**THIS**, the 7th day of April, 2006.


**/s/ Eugene M. Bogen**
 **U. S. MAGISTRATE JUDGE**

---

[1]Although plaintiff alleges in his Response that the City's use of force policy is
unconstitutional, the Court notes plaintiff has not produced a shred of summary judgment
evidence rebutting the evidence produced by defendants that the policy was indeed legal and did
not violate plaintiff's constitutional rights.  *See Monell v. New York City Dept. of Social
Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).